Leadeeice:, J.,
delivered the opinion of the Court.
The defendant in error, Staten, brought an action of trespass, vi et armis, in the Circuit Court of Gibson county, against the plaintiffs in error and William Algee.
The declaration contains two counts, one for assault and battery, and the other for false imprisonment.
The defendants pleaded “not guilty,” with an agreement that either party might give in evidence any facts that might be specially pleaded.
*81 Verdict and judgment were rendered in favor of Algee and against Shepherd and McDougald, from which they have appealed to this Court.
From the bill of exceptions it appears, that in June, 1869, Shepherd was acting as mayor, and Mc-Dougald as town constable, for the town of Milan.
It further appears that Staten was in conversation with Jordan at his (Jordan’s) drug store, within the corporate limits of said town, and was cursing the mayor and aldermen of the town.
McDougald came up, and, after cursing Staten for swearing, assaulted him with a hickory stick, and inflicted a severe blow upon his head, from which he bled profusely.
McDougald then took Staten off some ninety steps to the office of the mayor, to be dealt with for violation of the town ordinances.
"When they reached the mayor’s office, McDougald reported to the mayor that he had arrested Staten for cursing and for boisterous conduct. The mayor directed Staten to go home and return in a day or two for trial, which he did, and was tried . and fined by Shepherd.
The plaintiffs in error seek to justify the arrest and imprisonment of defendant upon the ground that Mc-Dougald was constable and Shepherd mayor of the town.
It is sufficient for the purposes of this case to say, that we are satisfied that the plaintiffs in error were not empowered to act as such officers by virtue of any election authorized by law.
They can not, therefore, justify, as officers in the *82 discharge of their duties, the trespasses charged in the declaration.
Shepherd was not present when the assault and battery was committed, and it is not shown that he in any manner participated in the act, or had any knowledge of it.
Each count of the declaration is framed upon a distinct and substantive cause or right of action, and although not personally present, a person may become liable as a principal trespasser, by counseling, ordering, or procuring the wrongful act to be done; but a person who does not assist in, procure or advise a trespass by word or deed, is not liable, although it may be done by one assuming to act in his behalf. 1 Ch. P. 79-80.
The plaintiff may, also, for the same cause or right of action, insert different counts, setting forth the cause or right of action in various shapes, and if a general verdict in favor of plaintiff is rendered, the verdict will be sustained, if there be evidence to sustain the allegations of any one of the several counts.
But in cases in which different joint trespasses are charged in different counts, the ■ Court should distinctly charge the jury that they could only assess damages against the defendants, jointly, for such trespass or trespasses as the proof shows to have been jointly committed by them.
■ However the fact may be, this record does not disclose any fact from which it can be fairly inferred that Shepherd had any connection with, or knowledge of, the assault and battery upon the plaintiff.
*83 Plaintiff below was violently assaulted and stricken with a hickory stick, inflicting a severe wound upon the head, but we do not think that the subsequent assumption of authority by Shepherd to try Staten, without more, would make him liable upon the count for assault and battery.
The Court charged the jury that “if the defendants acted in good faith, believing that they were officers when in fact they were not, the jury may consider the fact in mitigation of damages; and in assessing the damages, the jury may look to all the attending circumstances, the character of the wound, if any, inflicted, the public disgrace and odium of being arrested and imprisoned, and the suffering from the wound.”
This charge was calculated to mislead the jury, as conveying the idea that Shepherd, if guilty of the imprisonment, would be liable in damages for the wounding of plaintiff.
For this error let the judgment be reversed and the cause remanded for a new trial.